*In re* MANUEL CRUZ HORTA

Núm. 80.—*Sometido:* Febrero 4, 1952. *Resuelto:* Marzo 18, 1952.

*Manuel Cruz Horta,* pro se; *J. Rivera Barreras, Fiscal del Tribunal Supremo* y *Frank Vizcarrondo Vivas, Fiscal Auxiliar,* abogados de El Pueblo.

*Per Curiam:* En la querella radicada por los Fiscales de este Tribunal contra el abogado Manuel Cruz Horta se le imputan los siguientes cargos:

"1. Que con fecha *5 de agosto de 1946* el notario Manuel Cruz Horta autorizó la escritura número 21, sobre cancelación de hipoteca, en la cual compareció Benjamín Martínez Ríos, en su carácter de apoderado de Ruth Martínez Ríos, y canceló un crédito hipotecario de $3,500 más intereses constituído a favor de la poderdante, a pesar de que al querellado le constaba que ese poder no estaba protocolizado, y que no fué hasta el día *16 de noviembre de 1950* que mediante la escritura número 49, otorgada ante el propio querellado, quedó dicho poder debidamente protocolizado.

"2. Que el notario Manuel Cruz Horta autorizó la referida escritura de cancelación de hipoteca el día *5 de agosto de 1946,* en la cual comparece Benjamín Martínez Ríos, en su carácter de apoderado de Ruth Martínez Ríos, a pesar de que de la propia escritura de cancelación de hipoteca aparece que el referido poder fué otorgado por Ruth Martínez Ríos el día *29 de agosto de 1946,* o sea, veinticuatro días *después* de haberse otorgado la referida escritura de cancelación de hipoteca."

En su contestación el querellado alegó lo siguiente:

"2. Niega que la escritura núm. 21 sobre cancelación de hipoteca en la cual compareciera Benjamín Martínez Ríos ante él, como notario, en su carácter de apoderado de Ruth Martínez Ríos, se otorgara en agosto 5, 1946 y por el contrario alega que la misma fué otorgada el día 5 de septiembre de 1946 y que la misma fué reportada al Tribunal de Distrito de San Juan en el índice correspondiente a dicha fecha.

"3. Acepta que de dicha escritura de cancelación de hipoteca (párrafo de comparecencia) aparece que el poder fué otorgado el día 29 de agosto de 1946, lo que demuestra que se trata meramente de un error clerical de la escritura en cuanto al mes de su otorgamiento, error que fué corregido y salvado con el conocimiento de los otorgantes al firmarse la misma.

"4. Acepta que al querellado le constaba al otorgarse la escritura de referencia que el mencionado poder no estaba protocolizado.

"Pero que olvidó en el momento las disposiciones de la Ley núm. 62 de 1937 a virtud de la cual ningún poder otorgado fuera de Puerto Rico será efectivo en la Isla sin ser antes protocolizado. Que al así proceder cometió efectivamente este error pero no lo hizo con intención aviesa o fraudulenta ni resultó de ello perjuicio a ninguna de las partes interesadas.

"Que fué a instancias del propio querellado que dicho poder fué enviado por su cliente Sr. Rufo Hernández, hoy fenecido, a Estados Unidos con el fin de que se autenticara la firma del notario ante el County Clerk y después se le trajera para otorgar el acta de protocolización, lo cual posteriormente se realizó el día 14 de diciembre de 1950.

"Que fuera del olvido de la disposición de la Ley núm. 62 de 1937 a que arriba se ha hecho referencia, el querellado no cometió falta alguna que envolviera fraude, malicia, mala fe o intención aviesa indigna de su profesión o torpeza moral, ni causó daño a ninguna de las partes interesadas, siendo dicho error uno que afectaba más bien la parte formal del poder que su parte esencial para capacitar al apoderado a otorgar la escritura de cancelación para la cual fué utilizado."

Celebrada la vista correspondiente se presentó prueba documental por el Fiscal Auxiliar y documental y oral por el querellado, quedando el caso sometido.

■■■ Si bien de la prueba documental presentada aparece que el querellado expidió una copia certificada de la escritura núm. 21, la cual tiene fecha de 5 de agosto de 1946, en el protocolo del año 1946 aparece la escritura núm. 21 como otorgada el 5 de septiembre, habiéndose tachado la palabra "agosto" y entrelineado la palabra "septiembre", habiéndose hecho constar por el notario al final de la escritura y antes de firmar las partes y los testigos lo siguiente: "Tachado: 'agosto'. Entrelineado: 'septiembre'. Vale. Doy fe."

El querellado explicó lo ocurrido con dicha escritura y su copia en esta forma:

". . . Ostensiblemente hay una disparidad entre la copia de la escritura que acaba de ser ofrecida y esa disparidad se debió a un error clerical y que fué corregido en el acto de otorgamiento, pero no se corrigió en la copia, por la prisa que había de enviarla al Registrador. . . . "Al otorgar la escritura, sin embargo, había la fecha 5 de agosto, cuando era 5 de septiembre. Pero como la copia certicada estaba hecha, se olvidó corregir la primera copia. Pues eso es un error clerical pues en el original estaba corregido y salvado con mi puño y letra en el original. Quizá por la prisa no se corrigió la fecha en la copia ni se hizo la salvedad al final. Pero en el índice del protocolo aparece la escritura como otorgada en septiembre y así se informó en el índice semanal enviado a la corte de distrito. La salvedad en tinta la puse yo en la misma casa de los otorgantes al momento de firmar la escritura, pero por una inadvertencia y quizá por la prisa que había no hice la nota en la copia ni cambié la fecha tampoco."

En efecto, tanto en el índice del protocolo de 1946 como en el índice correspondiente a la semana del 2 al 9 de septiembre de 1946 enviado al Tribunal de Distrito de San Juan aparece que la escritura núm. 21 fué otorgada el 5 de septiembre de 1946.

Consideramos que la prueba demuestra que en efecto dicha escritura fué otorgada el 5 de septiembre de 1946 y no el 5 de agosto como se hizo constar en la copia expedida por el querellado y que fué llevada al Registro de la Propiedad, siendo inscrita, sin que el Registrador se diera cuenta de que en ella se hacía referencia a un poder otorgado el 29 de agosto de 1946, es decir, en una fecha posterior a aquélla en que, de acuerdo con la copia certificada, se había otorgado la escritura.

En cuanto al hecho de que el poder otorgado en los Los Angeles, California, el 29 de agosto de 1946 por Ruth Martínez Ríos a favor de Benjamín Martínez Ríos, no fué protocolizado ante el querellado hasta el 16 de noviembre de 1950 mediante la escritura núm. 49 de dicho año, no hay controversia. La explicación que da el querellado es que dicho poder se recibió sin estar debidamente autenticada la firma del

notario que lo otorgó y él se lo entregó a su cliente, Sr. Benjamín Martínez Ríos, para que lo enviase a California para obtener dicha autenticación y que no fué hasta mucho tiempo después, o sea el 16 de noviembre de 1950, que se entregó para su protocolización.

En relación con los hechos de ambos cargos declararon los otorgantes de las escrituras núm. 21 de 5 de septiembre de 1946 y núm. 49 de 16 de noviembre de 1950, al efecto de que ningún perjuicio se les había causado por las actuaciones del querellado, y los testigos de la núm. 21 en cuanto al hecho de que dicha escritura fué otorgada el 5 de septiembre de 1946.

Consideramos que si bien las actuaciones del querellado demuestran negligencia en la forma en que expidió la copia de la escritura núm. 21 de 5 de septiembre de 1946, sin haberle corregido la fecha de su otorgamiento y hacer constar ese hecho al calce según aparecía en el original ([1]) y también en haber otorgado dicha escritura sin que el poder hubiera sido antes protocolizado, no habiéndose demostrado que el querellado actuara maliciosamente o que las partes interesadas en dichas escrituras hayan sido perjudicadas en forma alguna, dicha negligencia no debe conllevar acción disciplinaria en cuanto a que el querellado deba ser separado del ejercicio de su profesión de abogado. Empero, sí debemos conminar al querellado para que en el ejercicio de sus deberes como notario no vuelva a incurrir en actuaciones negligentes como las demostradas en el presente caso.

*Se declara sin lugar la querella.*

El Juez Asociado Señor Snyder no intervino.

---

([1]) Es de hacerse notar, además, que el querellado no hizo constar al margen de la escritura original el hecho de que había expedido una copia certificada de la misma según lo requiere el artículo 25 de la Ley Notarial. Este hecho no fué alegado por el Fiscal en los cargos formulados al querellado.